IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1252 (MN) |
| | ) |
| BUREAU CHIEF MIKE RECORDS, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION**

Stephen Wheeler, James T. Vaughn Correctional Center, Smryna, Delaware – Pro Se Plaintiff.

May 30, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On November 2, 2023, Plaintiff Stephen Wheeler, an inmate confined at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## I.    BACKGROUND

Plaintiff alleges the following. In late December 2022, he put in a medical sick call for a "bump" on his back, and an appointment was promptly scheduled for an ultrasound, which was completed on January 20, 2023. By February 18, 2023, Plaintiff had not been shown the results of the ultrasound, so he filed a grievance, stating that he had not received treatment for the bump. On March 10, 2023, during his second grievance hearing, a non-party gave him the results from the ultrasound and told him he would be treated. He was not, however, treated. After Plaintiff's third grievance hearing, the Defendant grievance committee members upheld his grievance, based on the false conclusion that he had not yet had an ultrasound. Plaintiff appealed the grievance, despite it having been nominally upheld, to the Defendant Bureau Chief, essentially arguing that it was upheld on incorrect grounds as he had already received the ultrasound but was never treated. On June 5, 2023, the grievance was upheld on appeal. As of the date of Plaintiff's October 2, 2023 Complaint, he had not received treatment. For relief, Plaintiff requests damages. On April 16, 2024, Plaintiff filed a notice stating simply "I want to file a preliminary injunction," with no further details. (D.I. 10).

## II.   SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson*

*v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).  In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Id.* at 104;  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prisoner has no right to choose a specific form of medical treatment.  *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)).  "Mere disagreement as to the proper medical treatment is insufficient" to state a constitutional violation.  *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Treatment is presumed to be proper, absent evidence that there was a violation in the standard of care.  *Pearson v. Prison Health Serv.*,

850 F.3d 526, 535 (3d Cir. 2017).  In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation.  *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (noting that negligence is not compensable as a constitutional deprivation).

It is unclear from Plaintiff's allegations what, if any, serious medical need has been the subject of Defendants' indifference.  Plaintiff alleges is that there is a "bump" on his back, that a non-party shared the ultrasound results with him and promised treatment, but he does not indicate what the bump is or what treatment he was meant to receive.  Furthermore, all of the named Defendants upheld his grievance, albeit on allegedly incorrect grounds.  It seems that Plaintiff's issue is with medical personnel, rather than the Defendant grievance committee members and Bureau Chief.

**IV.    CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.